

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-334-CR

JAMES DAHLEM II                                                                                         APPELLANT

V.

THE STATE OF TEXAS                                                                                          STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## OPINION

------------

### I. Introduction

Appellant James Dahlem II pleaded guilty to possession of less than four but more than one gram of cocaine.[1] Pursuant to a plea bargain, the trial court placed Appellant on seven years' deferred adjudication community supervision. In a single point, Appellant argues the trial court should have granted his motion to suppress the cocaine the game warden discovered while searching Appellant's wallet. We affirm.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(a), (c) (Vernon 2003); *id.* §481.102(3)(D) (Vernon 2003).

## II. Factual Background

At approximately 10:45 p.m. on June 2, 2007, Game Wardens Ryan Hall and Zak Benge were patrolling Lake Lewisville when they noticed a boat on the water that did not have the required lighting.[2] Appellant operated the boat, and he was accompanied on the boat by Angela Storozik and Samantha Priddy.

The wardens approached Appellant's boat to conduct a water safety investigation.[3] As the wardens initially approached Appellant's boat, they did not notice any odor of marihuana or believe any of the occupants to be under the influence of any type of drug. However, Warden Benge observed in plain view what he believed to be a pipe for smoking marihuana; the pipe was partly protruding from beneath a woman's purse on a seat in the boat. Warden Benge then boarded the boat, confiscated the pipe, and informed Appellant, Storozik, and Priddy that he was preparing to search the boat for "the rest of the marihuana." Warden Benge then said, "if there's anything else here, let us know now; we can handle it as easily as possible as long as it's not large amounts of illegal drugs." Storozik, under whose purse the pipe had been discovered, then informed Warden Benge that she had marihuana in her purse and handed her purse to him. Inside the purse, Benge discovered two small baggies of marihuana. Benge testified, however, that he did

---

[2] Section 31.064 of the parks and wildlife code states: "A vessel or motorboat when not at dock must have and exhibit at least one bright light, lantern, or flashlight from sunset to sunrise in all weather." Tex. Parks & Wild. Code Ann. § 31.064 (Vernon 2002).

[3] Appellant does not contest that the wardens were authorized to detain his boat to conduct this water safety inspection.

not know at that point if Storozik had truthfully disclosed all the remaining marihuana or if there was more marihuana in the boat.

Warden Benge then searched the glove compartment of the boat where he found a man's wallet. Appellant asked if the wallet was his, and when Warden Benge said that it was, Appellant admitted there was "a little bit of something in there." Warden Benge then opened Appellant's wallet where he discovered a baggie containing the cocaine Appellant was charged with possessing. Warden Benge asked Appellant, "What is this?" and Appellant responded, "It's just a little blow, man." The wardens then handcuffed and arrested Appellant.

### III. Reasonableness of Search

In his sole point, Appellant contends the search of his wallet was unreasonable because the State did not prove his wallet was capable of concealing marihuana.

### A. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53

3

(Tex. Crim. App. 2002). When, as here, the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *see Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). We then review the trial court's legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling. *State v. Kelly*, 204 S.W.3d 808, 819 (Tex. Crim. App. 2006).

## B. Applicable Law

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. amend. IV; *Wiede*, 214 S.W.3d at 24. To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador*, 221 S.W.3d at 672; *see Young v. State*, 283 S.W.3d 854, 872 (Tex. Crim. App. 2009). A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant. *Amador*, 221 S.W.3d at 672. Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable. *Id*. at 672–73; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

4

Whether a search is reasonable is a question of law that we review de novo. *Kothe v. State*, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004). Reasonableness is measured by examining the totality of the circumstances. *Id*. at 63. It requires a balancing of the public interest and the individual's right to be free from arbitrary detentions and intrusions. *Id*. A search conducted without a warrant is per se unreasonable unless it falls within one of the "specifically defined and well-established" exceptions to the warrant requirement. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1004 (2003); *Best v. State*, 118 S.W.3d 857, 862 (Tex. App.—Fort Worth 2003, no pet.).

The "automobile exception" permits officers to conduct a warrantless search of a motor vehicle if the officer has probable cause to believe that the vehicle contains evidence of a crime.[4] *Chambers v. Maroney*, 399 U.S. 42, 48, 90 S. Ct. 1975, 1979 (1970); *Powell v. State*, 898 S.W.2d 821, 827 (Tex. Crim. App. 1994). Accordingly, where there is probable cause to search a vehicle, exigent circumstances to justify a warrantless search are not required. *State v. Guzman*, 959 S.W.2d 631, 634 (Tex. Crim. App. 1998).

---

[4] Both parties analogize the search of Appellant's boat to an automobile. We agree with the analogy and apply the automobile exception to this case. *See generally Carroll v. United States*, 267 U. S. 132, 153, 45 S. Ct. 280, 285 (1925) (listing search of "a ship, *motor boat*, wagon, or *automobile* for contraband goods" in one category and search of a "store, dwelling house, or other structure" in a different category (emphasis added)); *see also United States v. Weinrich*, 586 F.2d 481, 492–93 (5th Cir. 1978) (applying automobile exception to boat search).

5

Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead persons of reasonable prudence to believe that an instrumentality of a crime or evidence pertaining to a crime will be found. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007); *Estrada v. State*, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005); *McNairy v. State*, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991). An officer's observation of contraband or evidence of a crime in plain view inside an automobile can be used to establish probable cause to seize the contraband or evidence. *See Colorado v. Bannister*, 449 U.S. 1, 4, 101 S. Ct. 42, 44 (1980). If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *United States v. Ross*, 456 U.S. 798, 825, 102 S. Ct. 2157, 2173 (1982).

## C. Discussion

Appellant does not challenge the wardens' investigative detention of his boat, the seizure of the marihuana pipe, or the discovery of the marihuana in Storozik's purse. In fact, Appellant concedes that after seizing the pipe and marihuana, Warden Benge was authorized to search the boat for more marihuana. *See id.*, 102 S. Ct. at 2157. Appellant also concedes that Warden Benge could lawfully search any containers on the boat that might conceal additional marihuana but argues that his wallet was not a container that might conceal the "object of the search." *See id.*, 102 S. Ct. at 2157; *Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008). We disagree.

6

First, common knowledge suggests a small quantity of marihuana, similar to the small quantity Warden Benge already located in Storozik's purse, could be concealed in a wallet. *See Esco v. State*, 668 S.W.2d 358, 365–66 (Tex. Crim. App. 1982) (op. on reh'g) (relying on common knowledge to hold a reasonable person could believe a shotgun may have been disassembled and concealed in a briefcase). Second, Texas courts routinely decide cases where contraband was concealed in a person's wallet. *See, e.g., Herrera v. State*, Nos. 07-09-00071-CR, 07-09-00072, 07-09-00073-CR, 2009 WL 2618301, at *2 (Tex. App.—Amarillo Aug. 26, 2009, no pet.) (mem. op., not designated for publication) (recognizing narcotics were located in appellant's husband's wallet); *Dellatore v. State*, No. 02-07-00369-CR, 2008 WL 4531692, at *1 (Tex. App.—Fort Worth Oct. 9, 2008, no pet.) (mem. op., not designated for publication) (stating officer found "a black wallet, in which there were three more baggies that contained methamphetamine"); *Martinez v. State*, No. 04-07-00147-CR, 2007 WL 4403589, at*3 (Tex. App.—San Antonio Dec. 19, 2007, no pet.) (mem. op., not designated for publication) (indicating that a "baggie of methamphetamine was found inside Martinez's wallet"); *Haney v. State*, No. 05-06-00444-CR, 2007 WL 2028760, at *1 (Tex. App.—Dallas July 16, 2007, no pet.) (mem. op., not designated for publication) (officer "discovered a small baggie of methamphetamine inside a wallet"); *Washington v. State*, 215 S.W.3d 551, 555 (Tex. App.—Texarkana 2007, no pet.) (stating that police found a "bag that appeared to contain crack cocaine" inside a wallet); *Rogers v. State*, No. 02-04-00529-CR, 2006 WL 240229, at *7 (Tex. App.—Fort Worth Feb. 2, 2006, no pet.) (mem. op., not

7

designated for publication) (indicating methamphetamine was found in appellant's wallet); *Dew v. State*, 214 S.W.3d 459, 462 (Tex. App.—Eastland 2005, no pet.) (holding that "[b]ecause the arrest for cocaine in appellant's wallet was legitimate, the search of the vehicle was a search incident to arrest").

We hold that Appellant's wallet was a container on the boat capable of concealing the additional marihuana Warden Benge sought to locate, and Warden Benge's discovery of the cocaine in Appellant's wallet was the result of a lawful search. The trial court did not err in denying Appellant's motion to suppress, and we overrule Appellant's sole point.

## IV. Preservation of Error

The concurring opinion cites this Court's decision in *State v. Cox*, 235 S.W.3d 283, 285 (Tex. App.—Fort Worth 2007, no pet.) (en banc), and contends that because there is only a docket entry denying Appellant's motion to suppress and no findings of fact or conclusions of law, we should be consistent with *Cox* and hold that Appellant failed to preserve error. We disagree with this suggestion. *Cox* did not involve preservation of error; the issue in that case was whether we had jurisdiction of the State's interlocutory appeal from an order granting a motion to suppress.

In *Cox,* the State attempted to appeal from an order granting a motion to suppress as authorized by article 44.01 of the Texas Code of Criminal Procedure, entitled "Appeal by State." Tex. Code Crim. Proc. Ann. art. 44.01 (Vernon 2006). Section (a)(5) of that statute allows interlocutory appeals by the State from orders granting motions to suppress. *Id.*, art. 44.01(a)(5). The time for filing a notice of

8

appeal by the State is specifically prescribed by that statute and by rule, and runs from the date that the order was "entered." *Id.*, art. 44.01(d) (providing appeal may not be taken by State later than fifteenth day after date order is "entered" by trial court); Tex. R. App. P. 26.2(b) (specifically providing *State's* time to appeal runs from date trial court "enters" order). In *Cox*, we interpreted the term "entered," as used in the statute and the rule governing appeals by the State, and held that a docket entry, even if signed by the trial court, is not sufficient to constitute a written order "entered" by the trial court to trigger the State's right to appeal an interlocutory order granting a motion to suppress. 235 S.W.3d at 284.

There is no statute or rule comparable to article 44.01 that allows defendants to appeal interlocutory orders denying motions to suppress with or without a written order, and *Cox* is inapplicable here. Appeals by defendants are governed by a different statute, article 44.02, and different rules. Tex. Code Crim. Proc. Ann. art. 44.02 (stating defendant has right of appeal under rules "hereinafter prescribed" (now prescribed by the Texas Rules of Appellate Procedure)); Tex. R. App. P. 25.2(b). As pertinent here, Rule 25.2(a)(2) provides that a defendant has the right of appeal under code of criminal procedure article 44.02 when the trial court enters a judgment of guilt or "other appealable order." Tex. R. App. P. 25.2(b); *see also Staley v. State*, 233 S.W.3d 337, 338 n.4 (Tex. Crim. App. 2007) (summarizing rule).

An order granting or denying a motion to suppress is not an "appealable order;" it is an interlocutory ruling that is not appealable absent statutory authority. *See, e.g., Ahmad v. State*, 158 S.W.3d 525, 526 (Tex. App.—Fort Worth 2004, pet.

9

ref'd) (holding courts of appeals do not have jurisdiction to review interlocutory orders unless jurisdiction is expressly granted by law) (citing *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *see also Jaramillo v. State*, No. 13-09-00545-CR, 2009 WL 4918768, at *1 (Tex. App.—Corpus Christi Dec. 21, 2009, no pet.) (mem. op., not designated for publication) (holding even if written order had existed, order denying motion to suppress was interlocutory order that was not appealable).

Appellant is not attempting to appeal directly from the interlocutory ruling on the motion to suppress as was the State in *Cox*, but is, instead, challenging the ruling by ordinary appeal from the written order signed by the trial court that deferred adjudication of guilt and imposed community supervision, which is appealable as a final conviction within thirty days after Appellant was placed on community supervision. Tex. Code. Crim. Proc. Ann. art. 44.01(j). Because Appellant is appealing from the order deferring adjudication and placing him on community supervision, jurisdiction of this Court is invoked by Appellant's filing of his notice of appeal within the ordinary thirty-day time from the date of imposition of sentence, not from the date of the order denying Appellant's motion to suppress. Tex. R. App. P. 25.2(b). A written order denying a motion to suppress is a not a prerequisite to jurisdiction of a defendant's appeal from a final judgment of conviction; nothing in the code of criminal procedure supports such a requirement. *Bracken v. State*, 282 S.W.3d 94, 101 n.1 (Tex. App.—Fort Worth 2009, pet. ref'd); *see* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2).

The concurring opinion confuses jurisdiction with preservation of error. In order for a complaint to be preserved for appeal, Rule 33.1(a) of the Texas Rules of Appellate Procedure requires, among other steps, that the record show the trial court "ruled on the request, objection, or motion, either expressly *or implicitly*." Tex. R. App. P. 33.1(a) (emphasis added). The trial court's ruling need not be expressly stated if its actions or other statements otherwise unquestionably indicate a ruling. *Rey v. State*, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995) (reviewing former appellate rule 52(a)). Actions or statements of a trial court have been held to constitute an implicit ruling when they "unquestionably indicated" a ruling under similar circumstances to this case. *See Montanez v. State*, 195 S.W.3d 101, 104 (Tex. Crim. App. 2006) (holding trial court "implicitly" ruled on motion to suppress under rule 33.1(a) where record revealed trial court took motion to suppress under advisement, docket sheet stated "appeal preserved as to issues presented," and notice of appeal contained trial court's certification of defendant's right to appeal on matters "raised by motion and ruled on prior to trial"); *see also Flores v. State,* 888 S.W.2d 193, 196 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (holding signed docket entry evidenced trial court's ruling on motion to suppress and was sufficient to preserve error).

In this case, the trial court certified that this is a plea bargain case but that Appellant has a right to appeal because "matters were raised by written motion filed

11

and ruled on before trial and not withdrawn or waived."[5]  Further, the clerk's record includes both Appellant's motion to suppress and his brief in support of the motion to suppress, and we have been provided a reporter's record from a February 7, 2008 hearing on Appellant's motion to suppress, at the conclusion of which the trial judge took the motion under advisement.  The trial court's docket sheet entry, initialed by the trial judge, states that the motion to suppress was denied on February 20, 2008.

The ruling clearly appears from the record; thus, Appellant sufficiently preserved error as to the denial of his motion to suppress.  Tex. R. App. P. 33.1(a); *Montanez*, 195 S.W.3d at 104.  We decline to adopt the concurring opinion's suggestion that entry of a written order signed by the trial court, which  is necessary to invoke our jurisdiction for an appeal by the State, is also necessary to preserve a defendant's complaint that the trial court erred in denying a motion to suppress. *See Bracken*, 282 S.W.3d at 101; *Cox*, 235 S.W.3d at 285.

## V.  Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.


ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

---

[5] The trial court's certification is on a form used by Denton County to certify a particular defendant's right to appeal.  On the form, it appears that the trial court initially indicated that Appellant had *no* right to appeal but struck through that indication and then circled and put an "x" near the limited right to appeal quoted above.

12

DAUPHINOT, J. filed a concurring opinion.

PUBLISH

DELIVERED: May 6, 2010



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-334-CR**

JAMES DAHLEM II                                                         APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## CONCURRING OPINION

------------

In *State v. Cox*, a majority of this court held an oral ruling on the record detailing findings of fact and conclusions of law and a docket entry signed by the trial judge and granting a motion to suppress insufficient to trigger a State's appeal under article 44.01 of the code of criminal procedure and dismissed the appeal.[6]  To remain consistent, we should hold here that the docket entry initialed by the trial judge and denying a motion to suppress, with no oral ruling on the record and no

------------

[6] *State v. Cox*, 235 S.W.3d 283, 283, 285 (Tex. App.—Fort Worth 2007, no pet.) (en banc majority op.).

findings of fact or conclusions of law, is likewise insufficient to preserve Appellant's complaint.

Because the majority instead resolves the appeal on its merits, I respectfully concur.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED:  May 6, 2010

15