

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 2-09-010-CR

JOE SAM JONES JR.                                                        APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

### MEMORANDUM OPINION[1]

------------

Appellant Joe Sam Jones Jr. appeals his conviction for driving while intoxicated with a passenger under fifteen years of age.[2] In one point, Jones argues that the trial court erred by allowing the prosecutor to question a witness regarding the criminal history of his family members during the punishment phase. We will affirm.

------------

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 49.045 (Vernon Supp. 2009).

Jones entered an open plea of guilty to the charged offense and pled true to the state jail felony enhancement paragraph. On December 8, 2008, after reviewing the presentence investigation (PSI) report and hearing testimony from Jones's two witnesses, the trial court sentenced Jones to four years' imprisonment. This appeal followed.

In his sole point, Jones argues that the trial court erred by allowing the prosecutor to ask an improper question during the punishment phase. Jones called his aunt, Nancy Moffatt, to testify on his behalf. During her testimony, the following exchange took place:

[State]: Is he very close to his brother and sister, Darrel and Taylor?

[Moffatt]: You know, I don't - - he - - I don't know how close he was. In the past he, you know, when they were growing up, they were, but I don't think they - - he's had anything to do with them. I've never had anything to do with them since they were very little.

[State]: What about Veranda?

[Moffatt]: Veran, that was the stepfather's mother who raise - - you know, the stepfather was married to his mother during the time he was being raised.

[State]: Were you aware that Darrel and Taylor and Veranda all have criminal histories here in Tarrant County?

[Defense Counsel]: I'm not sure their criminal history is relevant. No, the reason I'm saying is, we've already established

2

he's not close to them. He doesn't deal with them, therefore, their criminal history is not relevant at this point.

[State]: Well, the Defendant listed them in his PSI as family members so I think he is close to them or has a relationship. If she doesn't have any knowledge, that's her answer.

[The Court]: I think she's answered she doesn't have any knowledge.

[State]: I think that's all the questions I have. Thank you, ma'am.

The State argues that Jones failed to properly preserve error for this appeal because he did not obtain a ruling on his objection. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion, and the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(1)-(2).

It is apparent from the record that the trial court did not expressly rule on Jones's objection. Assuming without deciding that the trial court implicitly overruled Jones's relevancy objection, the trial court did not abuse its discretion by admitting the evidence as to Brandon Verran,[3] Jones's

---

[3]At the punishment hearing, the prosecutor refers to Jones's brother as "Darrel," but the PSI report lists his brother as "Brandon." Jones only lists one brother and one sister in the PSI report. Accordingly, for our analysis, we will assume "Brandon" and "Darrel" are the same person and will refer to

brother, and Talor Verran,[4] Jones's sister. *See Dahlem v. State*, No. 02-08-334-CR, 2010 WL 1854413, at \*5 (Tex. App.—Fort Worth May 6, 2010, no pet.) (reasoning that a trial court's ruling need not be expressly stated if its actions or other statements otherwise unquestionably indicate a ruling).

We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). A trial court does not abuse its discretion as long as its decision is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex. R. Evid. 401.

Here, one of the issues before the trial court was whether Jones was a suitable candidate for community supervision. Jones argues that the prosecutor's question was not relevant because Moffatt testified that she did

---

him as "Brandon." However, if "Brandon" and "Darrel" are not the same person, see our harm analysis below.

[4]The reporter's record indicates the correct spelling as "Taylor," but the PSI report lists the spelling as "Talor." We will refer to her as "Talor" for our analysis.

not think Jones "ha[s] anything to do with them." This statement, however, was a response to the prosecutor's question about whether Jones was close to his brother or sister, not whether Jones was close to Veranda, another relative. Moffatt did not testify regarding Jones's contact with Veranda.

In the PSI report, Jones stated that he sees Talor "once a week" and that he talks with her on the telephone "once a week or more." Additionally, Jones stated that he talks with Brandon "every other day" and that he sees him in person "once a week." Veranda is not listed in the PSI report.

The character and criminal background of the family members with whom Jones would associate is arguably relevant to his suitability for community supervision. *See, e.g.*, Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a)(3) (Vernon Supp. 2009) (listing "[a]void[ing] persons or places of disreputable or harmful character" as a basic condition of community supervision); *see also Williams v. State*, Nos. 02-08-00033-CR, 02-08-00036-CR, 02-08-00034-CR, 02-08-00035-CR, 2009 WL 673288, at *2 (Tex. App.—Fort Worth Mar. 12, 2009, pet. ref'd). Even though Moffatt stated that Jones does not have contact with his brother or sister, Jones stated in the PSI report that he has weekly contact with them. Because one of the conditions of community supervision is to avoid persons

of disreputable or harmful character, we hold that the trial court did not abuse its discretion by overruling Jones's relevancy objection as it relates to Brandon and Talor.

Assuming without deciding that the trial court abused its discretion by overruling Jones's objection as it relates to Veranda, and to the extent "Brandon" and "Darrel" are not the same person,[5] we must determine whether the error was harmful. The erroneous admission of evidence is nonconstitutional error. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Nonconstitutional error "that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King*, 953 S.W.2d at 271 (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); *Coggeshall v. State*, 961 S.W.2d 639, 643 (Tex. App.—Fort Worth 1998, pet. ref'd). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

---

[5]We will refer to him as "Darrel" in this section.

6

Here, even though the prosecutor questioned Moffatt about whether she was aware that Veranda and Darrel both had criminal histories in Tarrant County, Moffatt never responded to the question. Additionally, the trial court heard testimony that while out on bond for this offense, Jones tested positive for alcohol on two separate occasions during urinalysis tests and that he failed three breath tests on his Interlock device during the month of April 2008. Additionally, the PSI report detailed Jones's extensive juvenile record, adult misdemeanor record, and adult felony record. The PSI report also listed Jones's prior drug and alcohol use. Furthermore, the trial court heard testimony that Jones's father served fourteen years of a fifty-year sentence in prison for aggravated assault with a deadly weapon and manufacturing a controlled substance. Viewing the record as a whole, we conclude with fair assurance that the error, if any, either did not influence the trial court or that it had but a slight effect on the trial court. *See Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); *Solomon*, 49 S.W.3d at 365.

In sum, we hold that the trial court did not abuse its discretion by allowing the prosecutor to question Moffatt about Talor and Brandon's criminal history. Furthermore, we hold that the error, if any, by allowing the

7

prosecutor to question Moffatt regarding Veranda and Darrel's criminal histories is harmless.   Accordingly, we overrule Jones's sole point.


        Having overruled Jones's sole point, we affirm the trial court's judgment.


                                        BILL MEIER
                                        JUSTICE

PANEL:   LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:   July 22, 2010

8