COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-010-CR

 

 

JOE SAM JONES JR.                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Joe Sam Jones Jr. appeals his conviction for driving while intoxicated with a
passenger under fifteen years of age.[2]  In one point, Jones argues that the trial
court erred by allowing the prosecutor to question a witness regarding the
criminal history of his family members during the punishment phase.  We will affirm.








Jones
entered an open plea of guilty to the charged offense and pled true to the
state jail felony enhancement paragraph. 
On December 8, 2008, after reviewing the presentence investigation (PSI)
report and hearing testimony from Jones=s two
witnesses, the trial court sentenced Jones to four years=
imprisonment.  This appeal followed.

In his
sole point, Jones argues that the trial court erred by allowing the prosecutor
to ask an improper question during the punishment phase.  Jones called his aunt, Nancy Moffatt, to
testify on his behalf.  During her
testimony, the following exchange took place:

[State]:  Is he very close to
his brother and sister, Darrel and Taylor?

 

[Moffatt]:  You know, I don=t - - he - - I
don=t know how close he
was.  In the past he, you know, when they
were growing up, they were, but I don=t think they - - he=s had anything to do with
them.  I=ve never had anything to
do with them since they were very little.

 

[State]:  What about Veranda?

 

[Moffatt]:  Veran, that was the
stepfather=s mother who raise
- - you know, the stepfather was married to his mother during the time he
was being raised.

 

[State]:  Were you aware that
Darrel and Taylor and Veranda all have criminal histories here in Tarrant
County?

 

[Defense Counsel]:  I=m not sure their criminal
history is relevant.  No, the reason I=m saying is, we=ve already established he=s not close to them.  He doesn=t deal with them, therefore, their criminal history
is not relevant at this point.








[State]:  Well, the Defendant
listed them in his PSI as family members so I think he is close to them or has
a relationship.  If she doesn=t have any knowledge,
that=s her answer.

 

[The Court]:  I think she=s answered she doesn=t have any knowledge.

 

[State]:  I think that=s all the questions I
have.  Thank you, ma=am.

 

The
State argues that Jones failed to properly preserve error for this appeal
because he did not obtain a ruling on his objection.  To preserve a complaint for our review, a
party must have presented to the trial court a timely request, objection, or
motion, and the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s
refusal to rule.  Tex. R. App. P.
33.1(a)(1)-(2).








It is
apparent from the record that the trial court did not expressly rule on Jones=s
objection.  Assuming without deciding
that the trial court implicitly overruled Jones=s
relevancy objection, the trial court did not abuse its discretion by admitting
the evidence as to Brandon Verran,[3]
Jones=s
brother, and Talor Verran,[4]
Jones=s
sister.  See Dahlem v. State, No.
02-08-334-CR, 2010 WL 1854413, at *5 (Tex. App.CFort
Worth May 6, 2010, no pet.) (reasoning that a trial court=s ruling
need not be expressly stated if its actions or other statements otherwise
unquestionably indicate a ruling).

We
review a trial court=s decision to admit or exclude
evidence under an abuse-of-discretion standard. 
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000).  A trial court does not abuse its
discretion as long as its decision is within the zone of reasonable
disagreement.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh=g).  Evidence is relevant if it has any tendency
to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the
evidence.  Tex. R. Evid. 401.








Here,
one of the issues before the trial court was whether Jones was a suitable
candidate for community supervision. 
Jones argues that the prosecutor=s
question was not relevant because Moffatt testified that she did not think
Jones Aha[s]
anything to do with them.@ 
This statement, however, was a response to the prosecutor=s
question about whether Jones was close to his brother or sister, not whether
Jones was close to Veranda, another relative. 
Moffatt did not testify regarding Jones=s
contact with Veranda.

In the
PSI report, Jones stated that he sees Talor Aonce a
week@ and
that he talks with her on the telephone Aonce a
week or more.@ 
Additionally, Jones stated that he talks with Brandon Aevery
other day@ and that he sees him in person Aonce a
week.@  Veranda is not listed in the PSI report.

The
character and criminal background of the family members with whom Jones would
associate is arguably relevant to his suitability for community
supervision.  See, e.g., Tex. Code
Crim. Proc. Ann. art. 42.12, ' 11(a)(3)
(Vernon Supp. 2009) (listing A[a]void[ing]
persons or places of disreputable or harmful character@ as a
basic condition of community supervision); see also Williams v. State,
Nos. 02-08-00033-CR, 02-08-00036-CR, 02-08-00034-CR, 02-08-00035-CR, 2009 WL
673288, at *2 (Tex. App.CFort Worth Mar. 12, 2009, pet.
ref=d).  Even though Moffatt stated that Jones does
not have contact with his brother or sister, Jones stated in the PSI report
that he has weekly contact with them. 
Because one of the conditions of community supervision is to avoid
persons of disreputable or harmful character, we hold that the trial court did
not abuse its discretion by overruling Jones=s
relevancy objection as it relates to Brandon and Talor.








Assuming
without deciding that the trial court abused its discretion by overruling Jones=s
objection as it relates to Veranda, and to the extent ABrandon@ and ADarrel@ are not
the same person,[5]
we must determine whether the error was harmful.  The erroneous admission of evidence is
nonconstitutional error.  See King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  Nonconstitutional error Athat
does not affect substantial rights must be disregarded.@  Tex. R. App. P. 44.2(b). A substantial right
is affected when the error had a substantial and injurious effect or influence
in determining the jury=s verdict.  King, 953 S.W.2d at 271 (citing Kotteakos
v. United States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall
v. State, 961 S.W.2d 639, 643 (Tex. App.CFort
Worth 1998, pet. ref=d).  Conversely, an error does not affect a
substantial right if we have Afair
assurance that the error did not influence the jury, or had but a slight
effect.@  Solomon v. State, 49 S.W.3d 356, 365
(Tex. Crim. App. 2001); Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998).








Here,
even though the prosecutor questioned Moffatt about whether she was aware that
Veranda and Darrel both had criminal histories in Tarrant County, Moffatt never
responded to the question.  Additionally,
the trial court heard testimony that while out on bond for this offense, Jones
tested positive for alcohol on two separate occasions during urinalysis tests
and that he failed three breath tests on his Interlock device during the month
of April 2008.  Additionally, the PSI
report detailed Jones=s extensive juvenile record,
adult misdemeanor record, and adult felony record.  The PSI report also listed Jones=s prior
drug and alcohol use.  Furthermore, the
trial court heard testimony that Jones=s father
served fourteen years of a fifty-year sentence in prison for aggravated assault
with a deadly weapon and manufacturing a controlled substance.  Viewing the record as a whole, we conclude
with fair assurance that the error, if any, either did not influence the trial
court or that it had but a slight effect on the trial court.  See Motilla v. State, 78 S.W.3d 352,
355 (Tex. Crim. App. 2002); Solomon, 49 S.W.3d at 365.

In sum,
we hold that the trial court did not abuse its discretion by allowing the
prosecutor to question Moffatt about Talor and Brandon=s criminal
history.  Furthermore, we hold that the
error, if any, by allowing the prosecutor to question Moffatt regarding Veranda
and Darrel=s criminal histories is
harmless.  Accordingly, we overrule Jones=s sole
point.

 

 

 








Having
overruled Jones=s sole point, we affirm the
trial court=s judgment.

 

 

BILL MEIER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; MCCOY
and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 22, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 49.045 (Vernon
Supp. 2009).





[3]At the punishment
hearing, the prosecutor refers to Jones=s brother as ADarrel,@ but the PSI report lists his brother as ABrandon.@  Jones only lists one brother and one sister
in the PSI report.  Accordingly, for our
analysis, we will assume ABrandon@ and ADarrel@ are the same person and
will refer to him as ABrandon.@  However, if ABrandon@ and ADarrel@ are not the same person,
see our harm analysis below.





[4]The reporter=s record indicates the
correct spelling as ATaylor,@ but the PSI report lists
the spelling as ATalor.@  We will refer to her as ATalor@ for our analysis.





[5]We will refer to him as ADarrel@ in this section.