NO. 07-10-0470-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 

JUNE 15, 2011

__________________________

 

SAM
GARZA,  

 

                                                                                         Appellant

v.

 

THE STATE OF
TEXAS,  

 

                                                                                         Appellee

__________________________

 

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2008-421,831; HONORABLE QUAY PARKER, PRESIDING

__________________________

 

Memorandum Opinion

__________________________

 

Before QUINN, C.J., and
CAMPBELL and HANCOCK, JJ.

            Sam Garza appeals his conviction for
possessing a controlled substance with intent to deliver.  Two issues are asserted on appeal.  The first involves the effectiveness of his
trial counsel, while the second encompasses the legitimacy of the traffic stop
that initiated the detention during which the drugs were acquired.  We affirm the judgment.

            

 

Issue Two -- Traffic Stop

            We address the last issue
first.  Through it, appellant contends
that the officer who detained him lacked probable cause to make the stop.  We overrule the issue because, under the
circumstances before us, the existence of probable cause or reasonable suspicion
to support the detention is irrelevant. 
Appellant was the subject of one or more outstanding arrest warrants at
the time of the stop and eventual arrest, according to the record.  The existence of those warrants purged the
detention of whatever taint that may have existed.   Fletcher
v. State, 90 S.W.3d 419,
420 (Tex. App. –Amarillo 2002, no pet.).

            Issue One -- Effectiveness of
Counsel

            Appellant contends that his trial
attorney was ineffective because he did not challenge the inventory search of
the car.  The latter was subject to
challenge, according to appellant, since it was not undertaken in conformance
with departmental policy.  We overrule
the issue.

            The stop in question occurred at the
behest of another officer who had just been a witness to a controlled drug buy
via appellant and the officer’s confidential informant.  Immediately after completion of the buy, the
informant informed the officer that appellant had additional drugs in his
vehicle (the latter being the place in which the drug sale happened).  This information was imparted to the officer
who eventually detained appellant.  Though
we do not necessarily decide the issue, we nevertheless acknowledge that these
circumstances could have led one to believe that probable cause existed to not
only stop and arrest appellant for drug trafficking but also to search the
vehicle for the drugs being sold.  See Hereford v. State, 302 S.W.3d
903, 905 (Tex. App.–Amarillo 2009), aff’d, No.
PD-0144-10, 2010 Tex. Crim. App. Lexis
730 (Tex. Crim. App. April 6, 2011) (holding that a warrant is not needed to effectuate an
arrest when the crime occurred in the presence of an officer); Campbell v. State, 325 S.W.3d 223, 231
(Tex. App.–Fort Worth 2010, no pet.) (holding that the existence of probable
cause or reasonable suspicion is not dependent solely upon the information
known to the detaining officer but rather the cumulative knowledge of those
officers involved); Dahlem v. State, 322 S.W.3d 685, 689 (Tex.
App.–Fort Worth 2010, pet. ref’d) (holding that an
officer need not acquire a search warrant to search for contraband in a vehicle
if there is probable cause to believe that drugs are present in that vehicle); see
e.g., Garcia v. State, 327
S.W.3d 243, 248-49 (Tex. App.–San Antonio 2010, no pet.) (finding probable
cause for a warrantless search of a vehicle when a police officer witnessed a
known credible informant make arrangements for delivery of drugs at his
residence in fifteen minutes, when the officers arrived they observed the
person the informant had called in a vehicle located at the residence, and the
vehicle attempted to drive away).  Given
this, trial counsel may have concluded that it would serve little purpose to
question whether any “inventory search” undertaken by the arresting officers
was legitimate.  See Kent
v. State, 982 S.W.2d 639, 641 (Tex. App.–Amarillo 1998, pet. ref’d, untimely filed) (holding that an attorney need not
assert a meritless point to be effective); see also Palacios v. State, 319 S.W.3d 68, 75 (Tex. App.–San
Antonio 2010, pet. ref’d) (finding counsel not
ineffective in failing to challenge an inventory search because there was
probable cause to search the vehicle). 
And, since the decision to do so or not could fall within the realm of
reasonable trial strategy, and nothing of record discloses what strategies, if
any, motivated trial counsel to do what he did, appellant failed to prove that
his attorney rendered ineffective assistance.[1]  Mata v. State, 226 S.W.3d 425, 431 (Tex. Crim. App.
2007) (requiring us to presume that counsel had legitimate strategies for his
actions); Ex parte Niswanger, 335 S.W.3d 611 (Tex. Crim. App. 2011) (stating that the
foregoing presumption cannot generally be overcome absent evidence in the
record of the attorney’s reasons for his actions).    

            The
judgment is affirmed.

 

                                                                        Brian
Quinn 

                                                                        Chief
Justice

Do
not publish.

 

 

                                    











[1]Trial
counsel did include within his motion to suppress the contention that discovery
of the contraband was not pursuant to a legitimate inventory search.  However, he apparently opted not to pursue
that ground at the hearing.