NO. 07-10-0470-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 15, 2011
_____

SAM GARZA,

                                                    Appellant
v.

THE STATE OF TEXAS,

                                                    Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-421,831; HONORABLE QUAY PARKER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Sam Garza appeals his conviction for possessing a controlled substance with intent to deliver. Two issues are asserted on appeal. The first involves the effectiveness of his trial counsel, while the second encompasses the legitimacy of the traffic stop that initiated the detention during which the drugs were acquired. We affirm the judgment.

*Issue Two -- Traffic Stop*

We address the last issue first. Through it, appellant contends that the officer who detained him lacked probable cause to make the stop. We overrule the issue because, under the circumstances before us, the existence of probable cause or reasonable suspicion to support the detention is irrelevant. Appellant was the subject of one or more outstanding arrest warrants at the time of the stop and eventual arrest, according to the record. The existence of those warrants purged the detention of whatever taint that may have existed. *Fletcher v. State,* 90 S.W.3d 419, 420 (Tex. App. –Amarillo 2002, no pet.).

*Issue One -- Effectiveness of Counsel*

Appellant contends that his trial attorney was ineffective because he did not challenge the inventory search of the car. The latter was subject to challenge, according to appellant, since it was not undertaken in conformance with departmental policy. We overrule the issue.

The stop in question occurred at the behest of another officer who had just been a witness to a controlled drug buy via appellant and the officer's confidential informant. Immediately after completion of the buy, the informant informed the officer that appellant had additional drugs in his vehicle (the latter being the place in which the drug sale happened). This information was imparted to the officer who eventually detained appellant. Though we do not necessarily decide the issue, we nevertheless acknowledge that these circumstances could have led one to believe that probable cause existed to not only stop and arrest appellant for drug trafficking but also to search the vehicle for the drugs being sold. *See Hereford v. State,* 302 S.W.3d 903, 905 (Tex.

2

App.–Amarillo 2009), *aff'd,* No. PD-0144-10, 2010 Tex. Crim. App. LEXIS 730 (Tex. Crim. App. April 6, 2011) (holding that a warrant is not needed to effectuate an arrest when the crime occurred in the presence of an officer); *Campbell v. State,* 325 S.W.3d 223, 231 (Tex. App.–Fort Worth 2010, no pet.) (holding that the existence of probable cause or reasonable suspicion is not dependent solely upon the information known to the detaining officer but rather the cumulative knowledge of those officers involved); *Dahlem v. State,* 322 S.W.3d 685, 689 (Tex. App.–Fort Worth 2010, pet. ref'd) (holding that an officer need not acquire a search warrant to search for contraband in a vehicle if there is probable cause to believe that drugs are present in that vehicle); *see e.g., Garcia v. State,* 327 S.W.3d 243, 248-49 (Tex. App.–San Antonio 2010, no pet.) (finding probable cause for a warrantless search of a vehicle when a police officer witnessed a known credible informant make arrangements for delivery of drugs at his residence in fifteen minutes, when the officers arrived they observed the person the informant had called in a vehicle located at the residence, and the vehicle attempted to drive away). Given this, trial counsel may have concluded that it would serve little purpose to question whether any "inventory search" undertaken by the arresting officers was legitimate. *See Kent v. State,* 982 S.W.2d 639, 641 (Tex. App.–Amarillo 1998, pet. ref'd, untimely filed) (holding that an attorney need not assert a meritless point to be effective); *see also Palacios v. State,* 319 S.W.3d 68, 75 (Tex. App.–San Antonio 2010, pet. ref'd) (finding counsel not ineffective in failing to challenge an inventory search because there was probable cause to search the vehicle). And, since the decision to do so or not could fall within the realm of reasonable trial strategy, and nothing of record discloses what strategies, if any, motivated trial counsel to do what he did, appellant

failed to prove that his attorney rendered ineffective assistance.[1]  *Mata v. State,* 226 S.W.3d 425, 431 (Tex. Crim. App. 2007) (requiring us to presume that counsel had legitimate strategies for his actions); *Ex parte Niswanger,* 335 S.W.3d 611 (Tex. Crim. App. 2011) (stating that the foregoing presumption cannot generally be overcome absent evidence in the record of the attorney's reasons for his actions).

The judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[1]Trial counsel did include within his motion to suppress the contention that discovery of the contraband was not pursuant to a legitimate inventory search.  However, he apparently opted not to pursue that ground at the hearing.