NO. 07-12-0423-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 9, 2012

_____

JEFFREY LIEBSCH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 63,867-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jeffrey Liebsch, filed a notice of appeal from the trial court's order denying his motion to suppress. On October 3, 2012, he filed his "*Motion for Withdrawal of Notice of Appeal*" in this Court.[1] The motion is signed by counsel, but not by Appellant. *See* TEX. R. APP. P. 42.2(a). Pursuant to an inquiry by the Clerk of this

_____

[1]A day earlier, he filed the same motion with the trial court clerk. Even though the trial court signed an order granting the motion for withdrawal of the *Notice of Appeal*, as it pertains to the trial court record, only this Court has jurisdiction to dispose of an appeal already pending in this Court.

Court, it was discovered that after denial of his motion to suppress, Appellant decided to proceed to trial and no final judgment has been entered from which to appeal. We dismiss this purported appeal.

The State is entitled to pursue an interlocutory appeal from the granting of a motion to suppress. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (WEST SUPP. 2012). However, there is no comparable statute or rule that allows a defendant to appeal an interlocutory order denying a motion to suppress. *See Dahlem v. State*, 322 S.W.3d 685, 690-91 (Tex.App.—Fort Worth 2010, pet. ref'd). *See also Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991). A defendant's right of appeal under article 44.02 of the Texas Code of Criminal Procedure is triggered when the trial court enters a judgment of guilt or other appealable order. *See id.* at 691. *See also* TEX. R. APP. P. 25.2(a)(2).

No final judgment of guilt or appealable order having been entered, this purported appeal is dismissed for want of jurisdiction.

Per Curiam

Do not publish.