# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00632-CR

**Troy Anthony Jenkins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2012-504, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Troy Anthony Jenkins, who has not yet been finally sentenced, has filed a notice of appeal of the trial court's order denying his pretrial motion to suppress evidence. We do not have jurisdiction over such an interlocutory appeal.

In Texas, appeals in a criminal case are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) ("[A] defendant's right of appeal is a statutorily created right."). The standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)); *State ex rel. Lykos*, 330 S.W.3d at 915. Thus, a court of appeals does not have jurisdiction to review interlocutory orders

unless that jurisdiction has been expressly granted by law. *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). No such grant exists for a defendant's direct appeal of an interlocutory order denying a pretrial motion to suppress.[1] *See Dahlem v. State*, 322 S.W.3d 685, 691 (Tex. App.—Fort Worth 2010, pet. ref'd) (no statute or rule allows defendants to appeal interlocutory orders denying motions to suppress); *Jaramillo v. State*, No. 13-09-00545-CR, 2009 WL 4918768, at *1 (Tex. App.—Corpus Christi Dec. 21, 2009, no pet.) (mem. op., not designated for publication) (even if written order denying motion to suppress had been in record, order denying motion to suppress was interlocutory order that was not appealable); *Cochran v. State*, No. 08-02-00395-CR, 2002 WL 31431487, at *1 (Tex. App.—El Paso Oct. 31, 2002, no pet.) (mem. op., not designated for publication) (concluding that court lacked jurisdiction because denial of defendant's motion to suppress evidence is not immediately appealable).

The appeal is dismissed for want of jurisdiction.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Dismissed for Want of Jurisdiction

Filed:   October 25, 2013

Do Not Publish

_____

[1] We note that the State is entitled to appeal an order granting a pretrial motion to suppress evidence. *See* Tex. Code Crim. Proc. art. 44.01(a)(5). However, no such corresponding provision entitles a defendant to appeal the denial of such a motion. *See id.* art. 44.02.

2