

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-15-00153-CR
_____

WILLIAM FLOYD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from County Court at Law
Hays County, Texas[1]
Trial Court No. 14-0164CR; Honorable David Glickler, Presiding

April 16, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, William Floyd, filed a notice of appeal from the trial court's written order denying his motion to suppress. We dismiss this purported appeal for want of jurisdiction.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. TEX. R. APP. P. 41.3.

On March 6, 2015, Appellant filed *Defendant's Notice of Appeal* purporting to appeal the trial court's "Order denying Defendant's Motion to Suppress" signed February 24, 2015. Pursuant to an inquiry by the Clerk of this Court, we know that following entry of that order, further proceedings in the trial court ceased with no judgment having been entered.

The State is entitled to pursue an interlocutory appeal from the granting of a motion to suppress. TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West Supp. 2014). However, there is no comparable statute or rule that allows a defendant to appeal an interlocutory order denying a motion to suppress. *See Dahlem v. State*, 322 S.W.3d 685, 690-91 (Tex. App.—Fort Worth 2010, pet. ref'd) (holding that an order denying a motion to suppress is not an "appealable order" for purposes of a defendant's right of appeal pursuant to article 44.02 of the Texas Code of Criminal Procedure);[2] *Jenkins v. State*, No. 03-13-00632-CR, 2013 Tex. App. LEXIS 13288 (Tex. App.—Austin Oct. 25, 2013, no pet.) (mem. op., not designated for publication) (finding no right of appeal from an interlocutory order denying a pretrial motion to suppress).

There being no final judgment of guilt or other appealable order, this appeal is dismissed for want of jurisdiction.

Per Curiam

Do not publish.

---

[2] The State's right to appeal from an interlocutory order *granting* a motion to suppress is governed by a different statute and different rules. *See* TEX. CODE CRIM. PROC. art. 44.01(a)(5).