# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00518-CR

**David Wayne Ford, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 424TH DISTRICT COURT OF BLANCO COUNTY
### NO. CR01691, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant David Wayne Ford, who has not yet been finally sentenced, has filed a notice of appeal of the trial court's orders denying multiple pretrial motions filed by Ford, representing himself pro se. It appears from his notice of appeal that Ford seeks to appeal the trial court's denial of two motions to suppress evidence, a motion to quash, a motion to dismiss for "the State's failure to obtain requested *Brady* material," and a "motion to consider *Brady* evidence." We do not have jurisdiction over this interlocutory appeal.

In Texas, appeals in a criminal case are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) ("[A] defendant's right of appeal is a statutorily created right."). The standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim.

App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008)); *State ex rel. Lykos*, 330 S.W.3d at 915. Thus, a court of appeals does not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). No such grant exists for an interlocutory appeal of an order denying a pretrial motion to suppress or any of the other motions that are the subject of this appeal.[1] *See Money Store, L.P. v. State*, No. 03-17-00675-CR, 2018 WL 1004477, (Tex. App.—Austin Feb. 22, 2018, no pet.) (mem. op., not designated for publication) (explaining that no statute or rule allows defendant to appeal interlocutory order denying motion to quash information); *Dahlem v. State*, 322 S.W.3d 685, 690-91 (Tex. App.—Fort Worth 2010, pet. ref'd) (explaining that no statute or rule allows defendant to appeal interlocutory order denying motion to suppress); *see also Jenkins v. State*, No. 03-13-00632-CR, 2013 WL 5966169, at *1 (Tex. App.—Austin Oct. 25, 2013, no pet.) (mem. op., not designated for publication) (concluding that court lacked jurisdiction because denial of defendant's motion to suppress evidence is not immediately appealable).

This appeal is dismissed for want of jurisdiction.

_____
Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed: September 20, 2019

Do Not Publish

---

[1] We note that the State is entitled to appeal an order granting a pretrial motion to suppress evidence. *See* Tex. Code Crim. Proc. art. 44.01(a)(5). However, no such corresponding provision entitles a defendant to appeal the denial of such a motion. *See id.* art. 44.02.