**Appeal Dismissed and Memorandum Opinion filed December 21, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00864-CR

**JIMMY LEE PEAVY, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Cause No. 18612**

## M E M O R A N D U M   O P I N I O N

Appellant Jimmy Lee Peavy, Jr., who has not been convicted or finally sentenced, filed a notice of appeal of the trial court's order denying his pretrial motion to suppress evidence. Because this court lacks jurisdiction, we order the appeal dismissed.

In Texas, appeals in a criminal case are permitted only when they are specifically authorized by the Code of Criminal Procedure and the Texas Rules of Appellate Procedure. Tex. R. App. P. 25.2(a)(2); *see State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801,

805 (Tex. Crim. App. 2002) ("[A] defendant's right of appeal is a statutorily created right."). The standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (internal quotation omitted).

Accordingly, a court of appeals lacks jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). No such grant exists for an interlocutory appeal of an order denying a defendant's pretrial motion to suppress evidence.[1] *See Dahlem v. State*, 322 S.W.3d 685, 690-91 (Tex. App.—Fort Worth 2010, pet. ref'd) (explaining that no statute allows defendants to appeal interlocutory orders denying motions to suppress); *see also, e.g.*, *Ford v. State*, No. 03-19-00518-CR, 2019 WL 4561395, at *1 (Tex. App.—Austin Sept. 20, 2019, no pet.) (mem. op., not designated for publication) (dismissing defendant's interlocutory appeal from denial of pretrial motion to suppress); *Davis v. State*, No. 14-14-00456-CR, 2014 WL 4088549, at *1 (Tex. App.—Houston [14th Dist.] Aug. 19, 2014, no pet.) (per curiam) (mem. op., not designated for publication) (same).

Therefore, we dismiss this appeal for want of jurisdiction.


/s/     Meagan Hassan
        Justice


Panel consists of Justices Wise, Spain, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] We note that the State is entitled to appeal an order granting a pretrial motion to suppress evidence. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5). However, no corresponding provision entitles a defendant to appeal the denial of such a motion.