**Opinion issued February 17, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00558-CR

————————————

**JONTE LARUE GRANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the 506th District Court
Waller County, Texas
Trial Court Case No. 20-06-17345

---

## MEMORANDUM OPINION

Appellant Jonte Larue Grant, who has not been convicted or finally sentenced, filed a pro se notice of appeal of the trial court's denial of his motion to suppress evidence. Because we lack appellate jurisdiction, we dismiss this interlocutory appeal.

For an appeal in a criminal case to be permissible, the appeal must be specifically authorized by the Code of Criminal Procedure and the Rules of Appellate Procedure. *See* TEX. CODE CRIM. PROC. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."); TEX. R. APP. P. 25.2(a)(2) ("A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules."); *see also State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) ("[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute."). The standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012); *Lykos*, 330 S.W.3d at 915.

The Court of Criminal Appeals has stated that a defendant's general right to appeal under article 44.02 "has always been limited to appeal from a 'final judgment.'" *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); *Ex parte Evans*, 611 S.W.3d 86, 87 (Tex. App.—Waco 2020, no pet.). Rule 25.2(a)(2) allows a defendant to appeal a "judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2).

We lack jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Evans*, 611 S.W.3d at 87. No such grant exists for an interlocutory appeal of an order denying a pretrial motion to suppress.[1] *See Dahlem v. State*, 322 S.W.3d 685, 690–91 (Tex. App.—Fort Worth 2010, pet. ref'd) (noting that no statute or rule allows defendants to appeal interlocutory orders denying motions to suppress and thus order denying motion to suppress is "not an 'appealable order'" under Rule 25.2(a)(2)); *see also Peavy v. State*, No. 14-20-00864-CR, 2021 WL 6050051, at *1 (Tex. App.—Houston [14th Dist.] Dec. 21, 2021, no pet. h.) (mem. op., not designated for publication) (dismissing defendant's appeal from pretrial interlocutory order denying motion to suppress); *Ford v. State*, No. 03-19-00518-CR, 2019 WL 4561395, at *1 (Tex. App.—Austin Sept. 20, 2019, no pet.) (mem. op., not designated for publication) (same). Instead, a defendant may challenge such a ruling by direct appeal after the trial court has signed a judgment. *Trevino v. State*, No. 07-17-00417-CR, 2017 WL 5505410, at *1 (Tex. App.—Amarillo Nov. 15, 2017, no pet.) (per curiam) (mem. op., not designated for publication).

---

[1] The State is entitled to appeal an order granting a pretrial motion to suppress evidence. TEX. CODE CRIM. PROC. art. 44.01(a)(5). However, no corresponding provision allows a defendant to appeal the denial of a pretrial motion to suppress evidence. *See Peavy v. State*, No. 14-20-00864-CR, 2021 WL 6050051, at *1 n.1 (Tex. App.—Houston [14th Dist.] Dec. 21, 2021, no pet. h.) (mem. op., not designated for publication).

We dismiss the appeal for lack of appellate jurisdiction.

**PER CURIAM**

Panel consists of Justices Goodman, Rivas-Molloy, and Farris.

Do Not Publish. TEX. R. APP. P. 47.2(b).