NO. 07-10-00049-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 31, 2012

_____

BERNICE HUERTA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,415; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Bernice Huerta, appeals from her jury conviction of possession of cocaine and the resulting sentence of ten years of imprisonment. Through three issues, appellant contends her conviction should be reversed. Disagreeing, we will affirm.

Background

Appellant was charged by a February 2009 indictment with possession of cocaine in an amount of less than one gram.[1] She plead not guilty.

_____

[1] *See* Tex. Health & Safety Code Ann. § 481.115(b) (West 2011).

Before trial, the court conducted a hearing on appellant's motion to suppress evidence. The evidence presented at the hearing showed a police officer was tipped about drug activity at Room 17 of a Lubbock motel known as a frequent location for such activity. The officer watched the room and saw a car drive up, stop at the room for a minute and a half, and drive off. He continued to watch the car and observed a traffic violation. The officer stopped the car, asked the driver to step out, and patted him down. The driver consented to a search of the car. Appellant was in the passenger seat.

After he placed the driver in a police car, the officer asked appellant to get out of the car. Continuing his search of the car's interior, the officer found a blue bandana between the front passenger seat and the door. Inside the bandana he found a crack pipe with part of a burned Brillo pad in one end. Appellant's purse was sitting on the passenger seat. Without seeking consent to search the purse, the officer opened it and found an Altoid's tin containing items including a razor blade and part of a Brillo pad. On top of the car's center console, the officer found a white rock substance. The officer's field test showed the substance was cocaine. At trial, a chemist confirmed this finding. The officer arrested both the driver and appellant.

Motion to Suppress

We begin with appellant's third issue, by which she complains of the search of her purse.

In a suppression hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000). Under the applicable standard, we will review the record

2

evidence and all reasonable inferences therefrom in the light most favorable to the trial court's ruling. *Villarreal v. State*, 935 S.W.2d 134, 139 (Tex.Crim.App.1996); *Taylor v. State*, 20 S.W.3d 51, 54-55 (Tex.App.--Texarkana 2000, pet. ref'd). In reviewing trial court rulings on matters such as motions to suppress**,** appellate courts afford almost total deference to trial court determinations of historical facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). All other law-to-fact decisions are normally reviewed *de novo*, which includes a trial court's determination of reasonable suspicion and probable cause. *Id.; see also Ross,* 32 S.W.3d at 855-56. We will affirm the trial court's ruling on any theory applicable to the case. *Amador v. State,* 275 S.W.3d 872, 878-79 (Tex.Crim.App. 2009).

Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead persons of reasonable prudence to believe that an instrumentality of a crime or evidence pertaining to a crime will be found. *Dahlem II v. State,* 322 S.W.3d 685, 689 (Tex.App.—Fort Worth 2010, pet. ref'd), *citing Gutierrez v. State,* 221 S.W.3d 680, 685 (Tex.Crim.App. 2007). An officer's observation of contraband or evidence of a crime in plain view inside an automobile can be used to establish probable cause to seize the contraband or evidence. *Dahlem II,* 322 S.W.3d at 698, *citing Colorado v. Bannister,* 449 U.S. 1, 4, 101 S.Ct. 42, 44, 66 L.Ed.2d 1 (1980). If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *Dahlem II,* 322 S.W.3d at 698, *citing United States v. Ross,* 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). *See also Arizona v. Gant,* 556 U.S. 332, 343 129 S.Ct. 1710, 1721, 173 L.Ed.2d 485

3

(2009); *Wyoming v. Houghton*, 526 U.S. 295, 302, 119 S. Ct. 1297, 143 L. Ed. 2d 408 (1999) (explaining that when "there is probable cause to search for contraband in a car, it is reasonable for police officers . . . to examine packages and containers without a showing of individualized probable cause for each one").

Appellant does not challenge the stop of the vehicle or the search of the car's interior which, as noted, was consensual. She argues the driver's consent to search of the car could not properly extend to the search of her purse. Although the cocaine for which she was prosecuted was not found in her purse, appellant argues she was harmed by the introduction of the items found there because they served to provide additional links between her and the cocaine, bolstering the State's case she possessed the drug.

The State argues the officer had probable cause to believe evidence of illegal drug activity would be found in the purse, authorizing him to search it. We agree. The officer watched the car in which appellant was a passenger stop for a short time at a motel known for drug sales, in front of the room the officer had been told was the site of activity that evening. Although he could not see from his vantage point whether anyone left the car to enter the motel room, the inference an occupant of the car had done so was reasonable. Those facts, coupled with location of the crack pipe wrapped in the bandana lying near the passenger door, gave the officer probable cause to believe additional evidence of drug activity would be found in the car's interior. Appellant's purse was a container one would reasonably believe to contain such evidence, authorizing the officer's search of it as well. *Dahlem II,* 322 S.W.3d at 698-90. The trial

court did not err in denying appellant's motion to suppress. Accordingly, we overrule appellant's third issue.

Sufficiency of the Evidence

In appellant's second issue, she asserts the evidence was insufficient to prove she possessed cocaine because the State failed to prove joint possession. We evaluate the sufficiency of evidence supporting criminal convictions under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010) (plurality opinion). That standard requires that we view all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex.Crim.App. 2005). The jury, as the sole judge of the credibility of the witnesses, is free to believe or disbelieve all or part of a witness's testimony. *Jones v. State*, 984 S.W.2d 254, 257 (Tex.Crim.App. 1998).

A person commits an offense if she intentionally or knowingly possesses a controlled substance in an amount less than a gram. Tex. Health & Safety Code Ann. § 481.115(a), (b) (West 2011). Possession means "actual care, custody, control, or management." Tex. Health & Safety Code Ann. § 481.002(38) (West 2010); Tex. Penal Code Ann. § 1.07(39) (West 2011). A person commits a possession offense only if she voluntarily possesses the prohibited item. Tex. Penal Code Ann. § 6.01(a) (West 2003). Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to

5

terminate his control. Tex. Penal Code Ann. § 6.01(b).  Control may be exercised jointly by more than one person. *Cude v. State*, 716 S.W.2d 46, 47 (Tex.Crim.App. 1986); *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.--Dallas 2003, no pet.).

When the accused is not in exclusive control of the place where the contraband is found, the State must establish care, custody, control, or management by linking the accused to the substance through additional facts and circumstances. *See Evans v. State*, 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006); *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex.Crim.App. 2005). Whether the State's evidence is direct or circumstantial, its evidence of links must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. *Poindexter*, 153 S.W.3d at 405-06, *citing Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995); *Park v. State*, 8 S.W.3d 351, 353 (Tex.App.--Amarillo 1999, no pet.).

The many factors by which an accused may, under the unique circumstances of each case, be sufficiently "linked" to the contraband, include: (1) the defendant's presence when a search is conducted; (2) whether the contraband is in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of contraband when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was

enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12; *See Triplett v. State*, 292 S.W.3d 205, 208 (Tex.App.--Amarillo 2009, pet. ref'd.) (listing numerous factors). These factors, however, are simply that: factors which may circumstantially establish the sufficiency of evidence offered to prove a knowing "possession." *See Evans*, 202 S.W.3d at 162 n.12 (explaining that factors "are not a litmus test"). It is not the number of links that is dispositive, but rather the logical force of all the evidence. *See id.* at 162.

The cocaine in this case was found lying on the car's center console and was within appellant's easy reach. The drug paraphernalia, the crack pipe, was found on the passenger side of the car where appellant was sitting. Additional items the jury could have considered related to drug use, the razor blade and the Brillo pad contained in the Altoid's tin, were in appellant's possession. Shortly before the items were found, the car had made a brief stop at a particular room of a motel known for drug activity.

Viewing all of the evidence under the required standard, we conclude the jury was free to make rational inferences from the evidence and to conclude appellant was in knowing possession of the cocaine. We overrule her second point of error.

Failure of Court Reporter to Record Jury's Verdict

Appellant's first issue concerns the absence from the reporter's record of that portion of the trial during which the jury's verdict of her guilt was read. Appellant does not contend the verdict was not read in open court, nor does she contend there is any

7

question concerning the jury's verdict,[2] but contends the court reporter's failure to include the reading of the verdict after the guilt-innocence stage of trial in the record violates her right to due process because the failure was unexplained and no attempt was made to remedy the omission. The reporter's record contains the following: "Reporter's Note: Verdict was received by the Court out of the presence of the court reporter."

Nothing in the appellate record shows appellant objected to the court reporter's absence when the jury verdict was read. Nor does the record show appellant took any other action to bring this omission to the attention of the trial court. Appellant's issue thus has not been preserved for our review. *See State v. Herndon,* 215 S.W.3d 901, 906 (Tex.Crim.App. 2007); *Valle v. State,* 109 S.W.3d 508, 508-09 (Tex.Crim.App. 2003); *Ham v. State,* No. 07-09-00331-CR, 2011 Tex.App. LEXIS 8572, at *7-10 (Tex.App.—Amarillo October 27, 2011, no pet.) (not yet released for publication) (all holding reporter's failure to record proceedings is subject to error-preservation rules).

Having resolved each of appellant's issues against her, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] The clerk's record contains the jury's verdict form signed by its foreman.

8