

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00046-CR

ELIZABETH DIANNE RODRIGUEZ                                      APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Elizabeth Dianne Rodriguez appeals her Class B misdemeanor conviction for driving while intoxicated (DWI), contending only that the trial court erred by denying her pretrial motion to suppress.[2] We affirm.

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 49.04(a)–(b) (West Supp. 2013).

## Background Facts

The State charged appellant with DWI. Appellant filed a motion to suppress, contending that evidence concerning her intoxication was inadmissible because, among other reasons, the police had improperly stopped and detained her while she was driving.

Two witnesses—appellant and North Richland Hills police officer Brian Goen—testified at the hearing on appellant's motion. At the beginning of the hearing, appellant clarified that she was challenging only her initial detention by Officer Goen.

Officer Goen, who had been a police officer for approximately seventeen years at the time of the hearing, testified that in March 2010, he was working the "[m]idnight shift" and driving southbound when he saw appellant driving northbound. Officer Goen noticed in his side mirror that appellant's license plate lamp was "inoperative." He turned his patrol car around to make a traffic stop. Upon turning around, Officer Goen saw that appellant's license plate was not illuminated or legible without the assistance of his headlights shining upon it.

Officer Goen conducted a traffic stop of appellant. When he walked to her car, he smelled alcohol, saw that her eyes were watery, and noticed that she was moving slowly and deliberately. He eventually arrested her.

Appellant testified that although a light on the side of her license plate was not working at the time of her detention, two others, on the top and on the other

2

side, were working.  She also testified that her license plate was clearly visible from fifty feet away.

The trial court denied appellant's motion to suppress.[3]  Appellant pled guilty.  The trial court convicted her, assessed ninety days' confinement, suspended the sentence, and placed her on community supervision for eighteen months.  Appellant unsuccessfully sought a new trial and brought this appeal.

### The Denial of Appellant's Motion to Suppress

Appellant contends that the trial court erred by denying her motion to suppress.  We review a ruling on a motion to suppress evidence under a bifurcated standard of review.  *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's decision, we do not engage in our own factual review.  *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000),

---

[3]Although the clerk's record does not contain an order denying appellant's motion, we will presume that the trial court denied the motion.  *See Dahlem v. State*, 322 S.W.3d 685, 691–92 (Tex. App.—Fort Worth 2010, pet. ref'd); *Rose v. State*, No. 03-03-00126-CR, 2003 WL 21939581, at *1 (Tex. App.—Austin Aug. 14, 2003, pet. ref'd) (mem. op., not designated for publication).  The court certified that matters were raised by written motion filed "and ruled on" before trial.  Also, on her plea paperwork, appellant carefully deleted language that would have waived the relief sought in the motion.

*modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *see Wiede*, 214 S.W.3d at 25. We then review the trial court's legal ruling de novo unless the

4

implied fact findings supported by the record are also dispositive of the legal ruling. *Kelly*, 204 S.W.3d at 819.

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. amend. IV. Traffic detentions must comport with the Fourth Amendment. *See Roberson v. State*, 311 S.W.3d 642, 645 (Tex. App.—Eastland 2010, no pet.).

An officer conducts a lawful temporary detention when the officer has reasonable suspicion to believe that a person is violating the law. *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010); *see State v. Duran*, 396 S.W.3d 563, 568 (Tex. Crim. App. 2013) ("An officer must have reasonable suspicion that some crime was, or is about to be, committed before he may make a traffic stop."); *Fernandez v. State*, 306 S.W.3d 354, 356 (Tex. App.—Fort Worth 2010, no pet.) ("[A]n officer may stop and detain a driver . . . on reasonable suspicion of criminal activity."). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts would lead the officer to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Fernandez*, 306 S.W.3d at 357. This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.*; *see Duran*, 396 S.W.3d at 570 ("If the facts that the officer knows 'at the inception of the detention' support a finding of reasonable suspicion or probable cause to conduct

5

a traffic stop, then it is irrelevant that the officer subjectively decided to stop the driver for a bad reason.").

The transportation code provides that a lamp shall be constructed and mounted on a car to emit a white light that "illuminates the rear license plate . . . and . . . makes the plate clearly legible at a distance of 50 feet from the rear." Tex. Transp. Code Ann. § 547.322(f) (West 2011); *see id.* § 547.302(a)(1) (West 2011) (requiring lamps and illuminating devices to be on "at nighttime"); *Palacios v. State*, 319 S.W.3d 68, 70, 72–73 (Tex. App.—San Antonio 2010, pet. ref'd) (holding that a traffic stop was reasonable when an officer pulled a car over at 7:30 p.m. for lacking rear license plate illumination); *see also Olguin v. State*, No. 06-13-00171-CR, 2014 WL 710029, at *2 (Tex. App.—Texarkana Feb. 25, 2014, pet. ref'd) (mem. op., not designated for publication) (upholding a trial court's denial of a motion to suppress because an officer "had a reasonable basis for suspecting that [the defendant] had violated [s]ection 547.322(f)"); *Ealey v. State*, No. 12-04-00031-CR, 2005 WL 332052, at *2 (Tex. App.—Tyler Feb. 10, 2005, no pet.) (mem. op., not designated for publication) ("Officer Clark testified that he stopped the car because the rear license plate was not illuminated as required by statute. . . . If believed, Clark's testimony is sufficient to show the officer had a reasonable basis for making the stop.").

Officer Goen testified that near 1 a.m. on a day in March 2010, he noticed that appellant's "license plate lamp was inoperative." He explained that as soon

6

as he turned his patrol car around to follow her, he could not see illumination of her license plate.[4] He agreed that her lamp was "out completely."

Officer Goen's testimony does not pinpoint the time in his observation of appellant's car that he initiated the traffic stop, but the record indicates that the initiation of the stop occurred after Officer Goen reversed his direction and saw that appellant's license plate was not illuminated. In response to a question about what happened after Officer Goen saw that appellant's license plate lamp was not operating correctly, he said, "I made a U-turn in the road and *overtook the vehicle to conduct* a traffic stop for the equipment violation." [Emphasis added.] Appellant's testimony also indicates that Officer Goen conducted the traffic stop after reversing his direction. While Officer Goen testified that there was one point after he had reversed direction when appellant's vehicle turned, appellant testified that she had already parked in front of an apartment complex and had opened the door to her car "[a]t the time that [she] was stopped."

Therefore, viewing the evidence in the light most favorable to the trial court's denial of appellant's motion, we conclude that the court could have reasonably found that Officer Goen had an objectively justified reason[5] for

---

[4]Appellant contends that after Officer Goen "initiated the traffic stop[,] he could see that the license plate was not illuminated." But the part of the reporter's record to which appellant cites for that contention establishes that Officer Goen saw that the license plate was not illuminated "once [he] made the U-turn."

[5]Appellant appears to base her argument on an allegedly improper subjective reason that Officer Goen stopped her. His subjective reason was

7

stopping appellant because at the time he turned around and before he conducted the stop, he saw that appellant's license plate was not illuminated as required by the transportation code.[6]  *See* Tex. Transp. Code Ann. § 547.322(f)(1); *Duran*, 396 S.W.3d at 570; *Wiede*, 214 S.W.3d at 24; *Kelly*, 204 S.W.3d at 818; *Ealey,* 2005 WL 332052, at *2.  Accordingly, we conclude that the trial court did not err by denying appellant's motion to suppress, and we overrule appellant's only issue.

---

irrelevant if the facts known at the time of the stop provided an objective basis for the stop.  *See Duran*, 396 S.W.3d at 570; *Fernandez*, 306 S.W.3d at 357 (explaining that the "fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action").

[6]Although appellant testified that the license plate was illuminated, the trial court was authorized to accept Officer Goen's testimony and reject appellant's testimony.  *See Peralta v. State*, 338 S.W.3d 598, 607 (Tex. App.—El Paso 2010, no pet.) ("At a suppression hearing, the trial judge is the sole trier of fact as to the credibility and weight to give witness testimony.  As such, the trial judge may choose to accept or reject any or all of the testimony offered." (citation omitted)).

8

## Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 12, 2014